MAXWELL, J.,
concurring in part and in result:
¶ 39. I agree with the majority’s result but write separately to illustrate that there is nothing improper with the tactic of offering a plaintiffs deposition during the defendant’s case.
¶ 40. Here, the circuit judge refused to admit Pratt’s deposition during Fred’s case because of Pratt’s availability as a witness. Fred’s argued it could introduce a party’s deposition at any time. The judge admittedly had never confronted a similar request. She reasoned that because Pratt had testified and was present, her deposition could be used only to cross-examine her. I disagree.
¶ 41. Our evidentiary rules and case law certainly support that an attorney, if he or she so desires, is certainly free to avoid confronting an adverse witness with contradictory deposition testimony by simply offering the deposition. Fred’s obviously believed it would fair better by offering the deposition at a point in trial where Pratt could not explain away her earlier answers. This is a matter of strategy. And like skinning a cat, there are countless ways to prosecute or defend lawsuits.
¶42. Mississippi Rule of Civil Procedure 32(a) states, in pertinent part, that:
(a) At the trial or upon the hearing of a motion of an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Mississippi Rules of Evidence.
*828 (2) The deposition of a party ... may be used by an adverse party for any purpose.
(Emphasis added).
¶ 43. In Hartel v. Pruett, 998 So.2d 979 (Miss.2008), the Mississippi Supreme Court confronted Fred’s precise argument but from a plaintiffs perspective. Our supreme court held a circuit judge in error for denying a plaintiffs request to admit, in his case-in-chief, the defendant doctor’s deposition in a medical-malpractice case. Id. at 989 (¶ 25). The Hartel court considered Rule 32(a) in combination with Mississippi Rule of Evidence 801(d)(2)(A), which provides that “[a] statement is not hearsay if: ... [t]he statement is offered against a party and is ... the party’s own statement, in either an individual or a representative capacity!)]” The court emphasized witness availability did not matter. It found: “A party may enter portions of an opposing party’s deposition into evidence without calling the opposing party as a witness, provided that the portions of the deposition are admissible under Rule 801.” Hartel, 998 So.2d at 989 (¶ 24) (emphasis added).
¶ 44. Earlier, in McMillan v. King, 557 So.2d 519 (Miss.1990), our supreme court similarly held a trial judge in error for denying a plaintiffs request to admit portions of a medical attendant’s deposition testimony. The supreme court noted that Rule 801(d)(2) is generally incorporated into Rule 32(a). McMillan, 557 So.2d at 526. It also referenced a treatise on the Federal Rules of Civil Procedure. The treatise interpreted an Advisory Committee Note to mean the phrase “ ‘for any purpose permitted by the Federal Rules of Evidence’ specifically makes statements falling under Rules 801(d) and 801(d)(2) and contained in a deposition admissible despite availability of the witness.” Id. (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure §§ 2144 & 2146 (Supp.1988)). Our supreme court found the medical attendant’s deposition testimony admissible regardless of his availability as a witness. Id. at 526.
¶ 45. The McMillan court acknowledged that “federal courts have routinely accepted this view in the somewhat analogous Rule 32(a)(2), holding the availability of the witness to testify is immaterial, and it is error to deny the admission of a deposition into evidence on this ground.”[1]
¶ 46. Though the circuit judge’s exclusion here was error, I find it harmless since Pratt testified about the subject matter of the deposition. This result is consistent with Hartel,[2] McMillan,[3] and the federal cases cited. On remand, if Fred’s attempts to admit the deposition in toto, and Pratt objects to certain portions based on relevance or other grounds, the court should address such objections and redact portions deemed inadmissible. M.R.C.P. 32(a). Further, if Fred’s now attempts to offer only portions of Pratt’s deposition, Pratt is entitled to introduce any other part of the deposition, “which ought in fairness to be considered contemporaneously with it.” M.R.E. 106; see also M.R.C.P. 32(a)(4).
*829 GRIFFIS, P.J., BARNES AND ROBERTS, JJ„ JOIN THIS OPINION. RUSSELL, J., JOINS THIS OPINION IN PART.

. McMillan, 557 So.2d at 526 (citing Aetna Cas. & Sur. Co. v. Guynes, 713 F.2d 1187, 1194 (5th Cir.1983); Jackson v. Chevron Chem. Co., 679 F.2d 463, 466 (5th Cir.1982); King & King Enters, v. Champlin Petroleum Co., 657 F.2d 1147, 1164-66 (10th Cir.1981); Coughlin v. Capitol Cement Co., 571 F.2d 290, 308 (5th Cir.1978); Pingatore v. Montgomery Ward & Co., 419 F.2d 1138, 1142 (6th Cir.1969); Pursche v. Atlas Scraper & Eng’g Co., 300 F.2d 467, 488 (9th Cir.1961)).

. Hartel, 998 So.2d at 989 (¶ 25).

. McMillan, 557 So.2d at 526.